**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 5, 2011

Lyle W. Cayce
Clerk

No. 10-31217
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AMON RASHAD PEOPLES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CR-160-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Amon Rashad Peoples pleaded guilty to conspiracy to commit access device fraud, aggravated identity theft, and attempted bank fraud. He was sentenced, *inter alia*, to 111-months' imprisonment and ordered to pay restitution in excess of $93,000.

Peoples claims ineffective assistance of counsel (IAC) in district court. He maintains counsel failed: to analyze properly the elements of aggravated identity theft; to object to the pre-sentence investigation report; to assert

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficiency of the evidence; and to file a sentencing memorandum. On the record before us, we cannot assess either the professional reasonableness of performance by counsel or any prejudicial effect. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (28 U.S.C. § 2255 motion preferable for claiming IAC because, without record developed for IAC claim, "appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive"); *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987) ("The general rule in this circuit is that a claim of [IAC] cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations."). Accordingly, we decline to address Peoples' IAC claim. It may be raised, of course, pursuant to a 28 U.S.C. § 2255 motion.

Peoples also contends the court erred in denying his motion to withdraw his guilty plea. There is no discussion of the pertinent law or application of that law to the facts. By failing to brief this issue adequately, Peoples has waived it. *See, e.g.*, *United States v. Green*, 508 F.3d 195, 203 (5th Cir. 2007).

AFFIRMED.